**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Griffey, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> Magellan Health Incorporated, <br><br>   Defendant. <br><br> Daniel Ranson, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> Magellan Health Incorporated, <br><br>   Defendant. | No. CV-20-01282-PHX-MTL (Lead) <br> No. CV-20-01350-PHX-MTL (Cons) <br><br> **ORDER** |

Before the Court is Plaintiffs Daniel Ranson, Mitchell Flanders, Joseph Rivera, and Teresa Culberson's (collectively, the "*Ranson* Plaintiffs") Unopposed Motion to Consolidate (Doc. 23) (the "Motion"). The *Ranson* Plaintiffs move to consolidate *Ranson, et al. v. Magellan Health, Inc.*, Case No. 2:20-cv-1350-MTL, (the "*Ranson*" case) with this related action, *Griffey, et al. v. Magellan Health, Inc.*, Case No. 2:20-cv-01282-MTL, (the "*Griffey*" case). Defendant does not oppose the motion. For the reasons discussed herein, the Motion is granted.

\\\

**I.**

On June 29, 2020, Chris Griffey, Bharath Maduranthgam Rayam, Michael Domingo, Laura Leather, and Clara Williams (collectively, the "*Griffey* Plaintiffs") filed the *Griffey* case. (*Griffey* Doc. 1.) The *Ranson* Plaintiffs filed a substantially identical case on July 8, 2020. (*Ranson* Doc. 1.) Both the *Griffey* case and the *Ranson* case are currently pending before the undersigned District Judge. Counsel for the *Griffey* Plaintiffs and the *Ranson* Plaintiffs have conferred and agree to this consolidation. (*Ranson* Doc. 11 at 1.)

Both cases allege that Defendant failed to prevent the disclosure of Plaintiffs'[*] personally identifiable information and, in some instances, their protected health information. (*Ranson* Doc. 1 ¶ 22; *Griffey* Doc. 11 ¶ 9.) Specifically, in April 2020, unauthorized users, by way of an e-mail phishing scheme, purportedly gained access to Defendant's systems, which stored private and personal information. (*Ranson* Doc. 1 ¶ 21; *Griffey* Doc. 11 ¶ 23.) Plaintiffs allege that Defendant failed to comply with Federal Trade Commission guidelines and industry standards and thereby failed to properly implement basic data security practices. (*Ranson* Doc. 1 ¶¶ 51–60; *Griffey* Doc. 11 ¶¶ 64–68.) As a result of Defendant's alleged wrongdoing, Plaintiffs say they have been placed at an imminent and continuing risk of harm from identity theft and fraud, requiring them to take time to mitigate the actual and potential impact of the data breach on their lives. (*Ranson* Doc. 1 ¶ 69; *Griffey* Doc. 11 ¶ 87.) The *Ranson* Plaintiffs raise four claims: (1) negligence; (2) breach of implied contract; (3) unjust enrichment; and (4) a violation of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq*. The *Griffey* Plaintiffs allege identical claims as well as a claim for negligence *per se* and a violation of § 349 of the New York General Business Law. Plaintiffs, in both cases, seek class certification. (*Ranson* Doc. 1 at 22; *Griffey* Doc. 11 at 24.)

On October 6, 2020, the *Ranson* Plaintiffs filed a motion to consolidate the *Ranson* and *Griffey* cases and a Memorandum of Law in Support of Plaintiffs' Unopposed Motion to Consolidate. (*Ranson* Doc. 10–11; *Griffey* Doc. 23.) The *Ranson* Plaintiffs move to

---

[*] The *Ranson* Plaintiffs and the *Griffey* Plaintiffs are collectively referred to as "Plaintiffs."

- 2 -

consolidate the *Ranson* and *Griffey* matters because the cases arise out of the same data breach, involve nearly identical factual and legal allegations, and consolidation "will save time and effort and promote judicial economy" by "avoiding duplicative discovery, motion practice, and trials." (*Ranson* Doc. 11 at 3–4.) *Ranson* Plaintiffs also contend the additional claims by the *Griffey* Plaintiffs "can be addressed by way of a Consolidated Complaint and should not otherwise impede the consolidation of these two cases." (*Id.* at 3.)

**II.**

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." The Court has "broad discretion" under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Inv'rs Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In reviewing a motion to consolidate, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 742 F.2d 703, 704 (9th Cir. 1984).

**III.**

The Court, in its discretion, finds that consolidation is appropriate. The *Griffey* and *Ranson* cases involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Indeed, having reviewed the *Ranson* Complaint and the Amended Complaint in *Griffey*, the Court finds they are substantially identical, with the exception being the two additional claims raised by the *Griffey* Plaintiffs. Consolidation will have the effect of conserving time and effort and will avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits. Both cases are at the initial stages of litigation, and no prejudice will result from consolidation. Moreover, consolidation will remove the need for duplication of labor that would otherwise result from having the cases continue separately. In light of the foregoing, the Court will grant the Motion.

**IV.**

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Unopposed Motion to Consolidate (Doc. 23).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall consolidate CV-20-01282-PHX-MTL with CV-20-01350-PHX-MTL. The Clerk of the Court shall file a copy of this Order in both CV-20-01282-PHX-MTL and CV-20-01350-PHX-MTL. All future filings shall bear case number CV-20-01282-PHX-MTL as the lead case and be submitted in substantially the same format as the caption of this order. All future filings related to these cases shall be filed in CV-20-01282-PHX-MTL.

**IT IS FINALLY ORDERED** that Plaintiffs shall file a single operative complaint in the lead case within 21 days of the date of this Order. This single operative complaint must encompass all claims in both the *Griffey* case and *Ranson* case.

Dated this 8th day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge