1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Chris Griffey, et al.,

                Plaintiffs,

v.

Magellan Health Incorporated,

                Defendant.

No. CV-20-01282-PHX-MTL

**ORDER**

Currently pending before the Court is Plaintiffs' Chris Griffey, Bharath Maduranthgam Rayam, Laura Leather, Clara Williams, Daniel Ranson, Mitchell Flanders, and Keith Lewis (collectively "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion") (Doc. 103).

The Court, having considered: the Motion; the parties' Settlement Agreement dated June 20, 2023, (the "Settlement Agreement") (*Id.* at 42–80); the proposed Claim Forms, Short Form Notices, and Long Form Notice. attached as Exhibits A-1, A-2, B-1, B-2, and C, respectively, to the Settlement Agreement (*Id.* at 81–108); the pleadings and other papers filed in this action; and the statements of counsel and the Parties, and for good cause shown:

**IT IS ORDERED** granting the Motion (Doc. 103).

**IT IS FURTHER ORDERED** as follows:

**Preliminary Approval of Settlement Agreement**

Unless otherwise defined herein, all capitalized terms as used in this Order shall

have the definitions and meanings accorded to them in the Settlement Agreement.

1.      The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Magellan Health, Incorporated. ("Magellan"), and any party to any agreement that is part of or related to the Settlement Agreement.

2.      The Court has reviewed the Motion and does hereby preliminarily find, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), subject to further consideration at the Settlement Hearing described below.

## Class Certification

3.      Solely for purposes of the Settlement, the Court conditionally certifies the following Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"): All persons who were notified that their information may have been impacted in the Data Incident.

The Settlement Class has two separate parts – the Claims-Made Settlement Class, and the Common-Fund Settlement Class – the reflect the different information potentially impacted by the Data Incident.

Excluded from the Settlement Class are: (i) Magellan and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads nolo contender to any such charge.

4.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is

impracticable;

(b)     there are questions of law or fact common to the Settlement Class;

(c)     Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class;

(d)     the Claims of Plaintiffs are typical of those of Settlement Class Members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class, and;

(f)     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

5.     The Court appoints David K. Lietz of Milberg Coleman Bryson Phillips Grossman PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Elaine A. Ryan of Auer Ryan, PC as class counsel ("Class Counsel"). As Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.     The Court hereby appoints Plaintiffs Chris Griffey, Bharath Maduranthgam Rayam, Laura Leather, Clara Williams, Daniel Ranson, Mitchell Flanders, and Keith Lewis as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

7.     At the hearing for Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, the Court approved the Settlement Agreement, as well as the Long Notice and the Short Notices, filed on June 20, 2023, attached as Exhibits B-1, B-2 and C, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 10 of the Settlement Agreement ("Notice Plan") complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process of law, and is the best notice practicable under the circumstances.

8.     The Court further approves the Claim Forms, substantially similar to Exhibits

A-1 and A-2 to the Settlement Agreement, however, the parties shall alter the Claim Forms to reflect the terms and dates set in this Order. The Claim Forms shall be available both on the Settlement Website and by request.

9.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.     The Court hereby orders that, within fourteen (14) days of the entry of this Order, Magellan shall provide the Settlement Administrator with the name and last known physical address of each Settlement Class Member that Magellan possesses.

11.     No later than forty-five (45) days from the date of this Order preliminarily approving the Settlement Agreement, the Settlement Administrator shall send the Short Notices to each Settlement Class Member through mailing the Short Form Notices via U.S. Mail, first-class; and shall publish the Long Notice on the Settlement Website as stated in the proposed Notice Plan.[1] All mailings and remailings to any Settlement Class Members shall be completed (60) days from the date of this Order preliminarily approving the Settlement Agreement.

12.     Once the Notice Plan has been completed, Class Counsel, shall within five calendar days, file a notice with either an appropriate affidavit or declaration from the Claims Administrator regarding the Notice Plan's compliance and completion. The date of this filing shall constitute the Notice Commencement Date.

13.     All costs incurred in disseminating or otherwise in connection with the Settlement Notice shall be paid by Magellan pursuant to the Settlement Agreement.

14.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and are thus approved

---

[1] Class Counsel shall, within 60 days of this Order, submit a notice to the Court with the Settlement Website.

for dissemination to the Settlement Class. The Claim Forms shall be made available to the Settlement Class Members as set forth in the Notice Plan and shall be made available to any potential Class Member that requests one.

## Attorneys' Fees, Costs, and Service Awards

15.     The Settlement provides that, as part of the Settlement, the Court shall determine the amount of any award of attorneys' fees, costs, and service awards. Pursuant to the Settlement, Plaintiffs shall file their motion requesting attorneys' fees, costs, and service awards within 46 days after the Notice Date. Magellan has retained any and all rights to oppose any such filed motions on all available grounds related to the amount of the attorneys' fees, costs, and/or service awards.

## Final Fairness Hearing

16.     Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

17.     Any member of the Settlement Class Members who wish to be excluded ("opt-out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline.[2] Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members who opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Magellan.

18.     Any member of the Settlement Class Members who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or

---

[2] Class Counsel shall file with this Court a notice detailing the Post Office box address within five (5) days of the Notice Commencement Date.

not such Settlement Class Member received consideration under the Settlement Agreement.

19. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Magellan to Provide Contact Information for Settlement Class Members to Settlement Administrator | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences (Notice Date) | 45 days after entry of Preliminary Approval Order |
| Notice Program Concludes | 60 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards | 46 days after the Notice Date |
| Deadline for Magellan to file Response in Opposition to Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards | 21 days after Plaintiffs file their Motion for Attorneys' Fees, Expenses, and Service Awards |
| Postmark Deadline for Request for Exclusion ("Opt-Out") or Objections | 60 days after the Notice Date |
| Postmark/Filing Deadline for Filing Claims | 90 days after the Notice Date |
| Deadline to file Motion for Final Approval of the Settlement Agreement | No later than 14 days prior to the Final Fairness Hearing |
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Settlement Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | No later than 3 days prior to the Final Fairness Hearing |
| Final Fairness Hearing | February 8, 2024, at 9:30 a.m. |

20.     A hearing on the Settlement (the "Final Fairness Hearing") shall be held on February 8, 2024, at 9:30 a.m. (Arizona time) in Courtroom 504, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003 before Judge Michael T. Liburdi.

21.     At the Final Fairness Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the release of claims and release of Magellan; (d) entry of a final approval order; and (e) entry of final judgment in this Litigation. Proposed Class Counsel's application for award of attorney's fees and expenses, and requests for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

22.     The date and time of the Final Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Fairness Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Fairness Hearing unless those dates are explicitly changed by subsequent Order.

23.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class Members who do not timely object or opt-out and that do not have an attorney who enter an appearance on their behalf will be represented by Class Counsel.

24.     Any person or entity that does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Proposed Class Counsel's Application for fees

and expenses, or (d) the service award request, so long as such objection has been hand-delivered to sent by mail, postmarked no later than January 25, 2024, to:

Clerk of the Court
Griffey, et al., v. Magellan Health, Inc.
No. CV-20-001282-PHX-MTL consolidated with No. CV-20-01350-PHX-MTL
United States District Court District
for the District of Arizona
Sandra Day O'Connor U.S. Courthouse,
401 West Washington Street,
Phoenix, AZ 85003

with copies to (1) Class Counsel at David. K. Lietz, c/o Milberg Coleman Bryson Phillips Grossman, 5335 Wisconsin Ave. NW. Ste. 440 Washington, DC 20015 and (2) Magellan's counsel at Keeley Onna Cronin, c/o Baker & Hostetler LLP, 1801 California St., Ste. 4400, Denver, CO 80202. If replies are necessary, they shall be filed and served no later than February 1, 2024.

25.    Any Settlement Class Member making the objection (an "Objector") must submit the objection in writing and include all the following information: a) the objector's full name and address; b) the case name and docket number: *Griffey v. Magellan Health, Inc.*, Case No. CV-20-01282-PHX-MTL; c) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable; d) the identity of any and all counsel representing the objector in connection with the objection (if none, please state this); e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and f) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

26.    Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Fairness Hearing. Any Settlement Class Member who does not timely mail or file and serve an objection in writing

in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Released Claims and Released Parties; (c) entry of Final Approval Order or any judgment; (d) Proposed Class Counsel's application for fees, costs, and expenses, and/or (e) the service award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

27.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28.     Upon entry of the Order and Final Judgment, all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Magellan with respect to all of the Released Claims and the Released Parties.

29.     The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. 1715. Class Counsel and Counsel for Magellan shall cooperate promptly and fully in the preparation of such notices, including providing Magellan with any and all information in their possession necessary for the preparation of these notices. Magellan shall provide courtesy copies of the notices to Proposed Class Counsel for the purpose of implementing the settlement. Magellan shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

**Administration of the Settlement**

30.     The Court hereby appoints the settlement administrator proposed by the parties, Kroll Settlement Administration LLC (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) administering the

Qualified Settlement Fund, and; (f) distributing settlement benefits to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid by Magellan, subject to the $2,250,000 Claims-Made Benefits cap.

31.    In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Magellan, and  shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation. The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

32.    Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Magellan as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

. . .

. . .

Dated this 9th day of August, 2023.

Michael T. Liburdi
United States District Judge